## Jones *et al. v.* Hunter *et al.*

Where the process was not executed on all the defendants in the action; but the attorney filed a plea which stated "the defendants came, &c." without naming them; held a sufficient appearance.

IN error from the circuit court of the county of Claiborne.

This was an action of assumpsit. Judgment was rendered against the plaintiffs in error, as the drawers and endorsers of a promissory note. Eight persons were declared against in the declaration, and denominated by the general name of defendants, after the commencement. The writ issued against the same persons named in the declaration, and was executed by the sheriff on six of them, but no return made as to the other two defendants. At the May term, 1838, of the court, the defendants all appeared by attorney, "and the defendants came, &c." and after craving oyer of the writ, pleaded in abatement of the same, on account of a variance between the damages laid in the declaration and writ. To the plea in abatement the plaintiffs filed a demurrer, and on joinder and argument, the court sustained the demurrer, and gave the defendants leave to answer over. The next entry which appeared in the record, was on the 6th of June, 1838, the day following, when the defendants again appeared by their attorney, and on motion obtained leave of the court to withdraw their plea, and judgment by default was taken against all the defendants, who now prosecute a writ of error to this court to reverse the judgment of the Claiborne circuit court, and assign for error:

1. That the court erred in rendering judgment against the plaintiff in error, *Edward Jones*, the writ not having been served upon him, and his appearance not being entered to the suit.

2. That the court erred in rendering judgment against the other plaintiffs in error, without entering a discontinuance as to Jones, on whom process was not served.

[Jones *et al. v.* Hunter *et al.*]

Holt for plaintiff in error.

Did the plea filed, and on which the trial was had, amount to an appearance on the part of Jones? is the only question which remains under the first error assigned. Until the writ shall have been executed upon the defendant, his appearance is *not to be presumed,* but must be *clearly shown,* before a judgment rendered against him, can be supported. The plea filed is signed by an attorney, and states "*the defendants* come, &c." without naming them. The fair interpretation of such language is, that "*the defendants who had been served with process,* come, &c." If there had been but two defendants in the case, and there had been service of process upon one of them, but not upon the other, a plea by "the defendants," in the plural, might very properly be regarded as an appearance on the part of both, however improperly entered. But in the case at bar, there are some five or six defendants, upon whom the writ was properly executed—a plea by them in the plural, "the defendants," carries with it no presumption, that Jones, upon whom there was no service, was designed to be embraced by it. This question was settled by the court of appeals of Kentucky, in the case of Moore *v.* Parker, 3 Littell, 268. Which decision has been recognised as authority by this court in Pittman and Gwin *v.* The Planters' Bank, 1 Howard, 530—1.

The judgment, like the plea, uses the term "defendants," without designating the parties by name. That the judgment, however, was intended to be against Jones, is obvious. But if it be insisted by the opposite party, that there is no judgment against Jones, then it was manifest error in the court to render a final judgment against the other defendants, without a disposition of the suit by discontinuance or otherwise, as to Jones. Davis *v.* Tiernan, Cuddy, & Co. 2 Howard, 805. The record shows no disposition of the case as to Jones, unless the judgment rendered was against him. This point is made in the 2d error assigned.

Thrasher for defendant in error.

No principle of law is believed to be better settled, than that if a defendant appears by attorney, it cures all antecedent irregularities in the process, the service of the process and the want of process.

The object of a writ or summons, is to give the party notice of the suit, and of the nature and kind of suit, and if he appears by attorney and pleads, without being served with process, he is as much bound by the judgment of the court, as though he had been legally summoned.  In the case of Farmer & Brown *v.* The United States, reported in 3 Peters, 459, Judge Marshall says, "the decisions of this court have uniformly been, that an appearance cures any defect in the service of process."  And in the case of Knox & Crawford *v.* Summers & Thomas, 3 Cranch, 496, the same decision was made.  In that case Summers appeared by attorney, and after craving oyer of the writ, pleaded in abatement, that he was one of the Marshal's deputies, and that the writ was not directed to a disinterested person to execute, &c. to which the plaintiffs demurred, and on joinder, the court adjudged the plea good.  The case was taken up to the Supreme Court on a writ of error, and the Supreme Court were unanimously of opinion, that the appearance by attorney cured all irregularity of process.  The defendant perhaps, said the court, might have appeared *in propria persona,* and directly plead in abatement; but having once appeared by attorney, he is precluded from taking advantage of the irregularity; and the judgment was reversed.  The same principle, however, has been settled by this court, in 1 Howard, 523, when one of the defendants was not served with process, yet all appeared by attorney, and pleaded, and it was decided to cure the want of services.  That all the defendants appeared by attorney and plead in the case under consideration, is apparent from the plea on file, to which a demurrer was sustained, and which they did not withdraw.  And that they all plead a second plea is evident from the record, though the record does not set it out, in consequence of their having leave to withdraw it.  If a second plea had not been filed, the plaintiffs could have taken judgment for want of a plea, without its being withdrawn, for a demurrer had been sustained to the plea in abatement, and it was no longer in the way of a judgment by default.  These entries show conclusively, that all the defendants appeared by attorney and plead a second plea, which must have been to the merits of the case, as no other dilatory plea could have been received under the statute. Be this matter, however, as it may, the plea in the record is by all

the defendants, which establishes the appearance by attorney, and that the judgment of the court below was correctly entered.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

This suit was instituted by the defendants in error against eight defendants, six of whom were served with process, and no return as to the other two. The judgment is general, against the "defendants" and this is assigned as error.

For the defendants in error it is insisted that the defendants below all appeared by attorney and filed their plea to the action, and thereby waived the want of service. If the parties not served with process did appear and plead to the action, the law is as stated; it will be only necessary therefore, to determine on the fact of their appearance. The plea is, "and the said defendants by their attorney come and defend, &c." and this is the only appearance, except the entry of the judgment by the clerk, which recites that on another day, "came the parties by their attorneys, &c." The language of the plea is appropriate, whether it be considered as applying to those who were served with process, there being several, or whether it be considered as applying to all of the defendants; but how is it to be legally construed?

Wherever there are more defendants than one, if they do not intend to plead jointly, it must appear that they severed, otherwise, if the language of the plea includes them all, it must be considered as a joint plea. And it is the duty of an attorney who appears for only part of the defendants, to plead in the names of those for whom he appears. If he undertakes to appear and plead for the whole, the parties who did not, as well as those who did employ him, are estopped by such appearance. If all the defendants had been served with process in this case, there can be no doubt but the appearance and plea as here entered would have extended to all. Want of service on two of the defendants cannot change the rule of construction; process is intended to bring the parties into court; to notify them of the existence of the suit, and they may come in without it. The appearance of the party is distinct from the process, for he may or may not appear after service; and whatever will amount to an appearance when process has been executed, will also be a sufficient appearance where it

has not been executed.   We have said that the appearance would
have been sufficient if all had been served; it must also be held
sufficient although two were not served.   The attorney who filed
the plea, either intended to plead for all, or he transcended his
authority, and if he was unauthorised to appear for those not
served, and they are injured by his conduct, they may have their
recourse.

This case differs from that of Pitman & Gwin *v.* The Planters'
Bank, in which the plea was by Pitman alone, and there was no
evidence of the appearance of Gwin, who was not served, except
the entry by the clerk, that "the defendants withdraw the plea by
them pleaded."   This was held not to be an appearance.   The
entry was manifestly untrue, because the defendants had not
pleaded; Pitman alone had filed a plea.   It differs also from the
case of Moore *v.* Parker, 3 Littell, in which there was no evi-
dence of the appearance of the party not served, except the mem-
orandum of the clerk that "the parties came by their attorneys,"
but no plea was filed by either party, and it was held that this
entry did not amount to an appearance.   Here an appearance is
entered by an attorney whose authority is not to be questioned.

Judgment affirmed.